**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MCNAIR CUSTOM HOMES,**

      **Plaintiff,**

**v.**                              **No. SA-20-CV-00435-JKP-ESC**

**TIM HARTT, CHRISTIANA GIRESI,**

      **Defendants.**

## <u>ORDER</u>

Before the Court is *Plaintiff's Opposed Motion to Remand*, ECF No. 9, to which Defendants responded, ECF No. 13, and Plaintiff replied, ECF No. 16. After due consideration, the Court denies the Motion.

## I. BACKGROUND

This lawsuit concerns a dispute over the use of designs, plans, and specifications for a residential home. Plaintiff McNair Custom Homes ("Plaintiff") commenced this action on March 23, 2020, in the 224th Judicial District Court of Bexar County, Texas, (the "state court action") against Defendants Tim Hartt and Christina Giresi ("Defendants"). *See* ECF No. 1-2. Pursuant to an agreement between the parties on March 26, 2020, counsel for Defendants agreed to accept service on behalf of Defendants. *See* ECF No. 1. Defendants filed an answer and counterclaims to the state court petition and removed the case to federal court on April 3, 2020. *Id.* On May 18, 2020, Plaintiff filed unopposed requests to partial nonsuit and to file an amended complaint. ECF Nos. 7, 8. The Court granted the requests which resulted in the dismissal of Plaintiff's breach of contract and conversion causes of action as well as its requests for a temporary restraining order, temporary injunction, and permanent injunction. ECF No. 21. Plaintiff's amended complaint

brings claims for misappropriation of trade secrets, assisting or encouraging a tort, assisting or participating in a tort, and civil conspiracy. *See* First Amended Complaint, ECF No. 10.

## II. JURISDICTION

Defendants removed this action pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1454. *See* ECF No. 1 at 1. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). Removal must provide adequate notice and include all relevant state court documents, be timely, and, if removed solely under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446. "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to [federal court]." *Id.* § 1454(a). A federal court may, however, remand any claims over which it has supplemental jurisdiction as set forth in § 1367. *Id.* § 1454(d).

A party may move to remand a previously removed case. *See id.* § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

### III. DISCUSSION

Defendants removed this case pursuant to § 1454 because Plaintiff's state court petition brought copyright claims. Plaintiff's basis for remand is that its current live pleading alleges no copyright claims. Defendants argue that under § 1454, their counterclaim for a declaration under the Copyright Act, 17 U.S.C. § 201, et seq., is sufficient to establish federal jurisdiction. Defendants' answer to Plaintiff's state court petition asserts counterclaims seeking declarations that they: (1) are co-authors and co-owners of the copyrights in the house plans, (2) have a license to use the house plans, and (3) do not infringe any copyright in the house plans. *See* ECF No. 1-4 at 8-10. Plaintiff argues that all claims arguably preempted by the Copyright Act were non-suited and urges the Court to decline to exercise supplemental jurisdiction as recognized under 28 U.S.C. § 1454(d)(2).

Section 1454 created an exception to the general rules that apply to removal jurisdiction. It provides, in pertinent parts:

> A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.
>
> The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section the action may be removed by any party[.]
>
> If a civil action is removed solely under this section, the district court (1) shall remand all claims that are neither a basis for removal under subsection (a) nor within the original or supplemental jurisdiction of the district court under any Act of Congress; and (2) may, under the circumstances specified in section 1367(c), remand any claims within the supplemental jurisdiction of the district court under section 1367.

The addition of a copyright claim is insufficient to confer federal jurisdiction. Rather, the Court must ascertain whether the action "arises under any Act of Congress relating to . . . copyrights."

*Id.* § 1338(a). An action arises under the Copyright Act when: (1) "the complaint is for a remedy expressly granted by the Act"; (2) the complaint "asserts a claim requiring construct[ion] of the Act"; or (3) the complaint "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). Defendants argue that their counterclaims require construction of the Copyright Act's authorship provisions. *See* ECF No. 13 at 6.

The Copyright Act provides that "[c]opyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of a copyright in the work." 17 U.S.C. § 201(a). Declaratory judgment claims based on authorship provisions are sufficient to establish federal jurisdiction. *See, e.g., Goodman*, 815 F.2d at 1032 (finding federal jurisdiction where a declaratory judgment request alleged that plaintiff was a co-author of a song). But if the question before the court is the disputed ownership of a copyright under the terms of a written agreement, courts find only a question of state law. *See, e.g., West v. Roberts*, No. 3:14-cv-00142-P, 2014 U.S. Dist. LEXIS 191756, 2014 WL 12585657, at *4 (N.D. Tex. Mar. 13, 2014) (finding that a declaratory judgment action for ownership required interpretation of a contract, so it did not arise under the Copyright Act).

Defendants' allege the following to support their copyright claims. Defendants provided to Plaintiff a floorplan they liked from another homebuilder. Plaintiff took the plan provided by Defendants and developed an initial draft house plan. Plaintiff and Defendants then engaged in a cooperative iterative process by which they each contributed ideas and jointly developed the house plans. While it appears an agreement was signed, neither party alleges the agreement contains a copyright clause or that the Court will need to interpret the agreement to determine who owns the

4

copyright in the house plans. Thus, Defendants' allegations allege a claim that arises under the Copyright Act, to wit: who owns the house plans under the statutory authorship provisions. Accordingly, Defendants' counterclaims are sufficient to confer jurisdiction with this Court and to give Defendants the right to remove pursuant to § 1454.

When exercising jurisdiction on the basis of § 1454(a), the court "shall remand all claims that are neither a basis for removal [pursuant to § 1454(a)] nor within the original or supplemental jurisdiction of the district court." § 1454(d)(1). Federal courts have supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (quoting 28 U.S.C. § 1367(a)). When deciding whether to remand pendent state law claims, federal courts should consider "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing 28 U.S.C. § 1367 (c)).

Here, Plaintiff's claims against Defendants and Defendants' copyright counterclaim against Plaintiff "derive from a common nucleus of operative fact" of the sort that should be tried "in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *accord Park v. Direct Energy GP, L.L.C.*, No. 19-20878, 2020 U.S. App. LEXIS 33020, at *20, 2020 WL 6139856, at *7 (5th Cir. 2020). The issues of the case are factually intertwined, and the copyright claim is not merely an "appendage" that can be separated and litigated independently in federal court. *Gibbs*, 383 U.S. at 725. Further, Plaintiffs' claims do not appear to raise any particularly novel issues of state law.

Accordingly, it is appropriate for the Court to exercise supplemental jurisdiction over Plaintiff's state law claims.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** *Plaintiff's Opposed Motion to Remand* (ECF No. 9).

It is so ORDERED this 13th day of January 2021.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE